Mark S. Middlemas, USB No. 9252
Brigham J. Lundberg, USB No. 12583
LUNDBERG & ASSOCIATES, PC
3269 South Main Street, Suite 100
Salt Lake City, UT 84115
(801) 263-3400
(801) 263-6513 (fax)
ECFmailDistGroup@Lundbergfirm.com

Attorneys for Lakeview Loan Servicing, LLC
L&A Case No. 19.74444.7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
Central Division

| | |
|---|---|
| In re: | Bankruptcy No. 20-20054 JTM |
| Thomas Allan McEwan, | (a Chapter 13 case) |
| Debtor. | Filed Electronically |

RESPONSE TO DEBTOR'S MOTION TO VACATE DISMISSAL AND EXTEND 11 U.S.C. § 521(i) DEADLINE

Lakeview Loan Servicing, LLC ("Creditor") a secured creditor of the above-referenced debtor, responds to the debtor's Motion to Vacate Dismissal and Extend 11 U.S.C. § 521(i) Deadline. Flagstar Bank, FSB presently services this loan for the Creditor. Creditor represents as follows:

1.  The Debtor filed his Chapter 13 Case No 20-20054 on January 5, 2020.

2.  Creditor holds a secured claim against the debtor's real property located at 4452 South Renardo Place West Valley City, UT. 84119. Creditor filed it's Proof of Claim No. 4 on March 16, 2020 stating an arrearage of $23,459.54.

3. Prior to the dismissal of his current case, the debtor filed a Chapter 13 plan wherein he provided for payment of the arrears, but did not provide for maintenance of payments pursuant to 11 U.S.C. § 1322(b)(5). (Docket No. 14.)

4. The Debtors case was not confirmed prior to the court's entry of an order dismissing the case on March 25, 2020 (hereinafter "Dismissal Order) based on the debtor's failure to fully comply with 11 U.S.C. § 521(a)(1) within 45 days of filing. (Docket No. 26). The debtor has moved to vacate the dismissal. (Docket No. 31.)

5. Creditor objects to the debtor's motion for relief from the Dismissal Order because the debtor was delinquent at the time of dismissal on post-petition payments and remains post-petition delinquent for the February 1, 2020 payment. If the court vacates the dismissal, the debtor will be in violation of the terms of their proposed plan under 11 U.S.C. § 1322(b)(5), providing cause for the trustee to once again recommend dismissal, or for the Creditor to obtain relief from stay. Creditor also submits that the debtor cannot cure its failure to comply with the strict requirements of 11 U.S.C. § 521(a)(1) and (i)(1) without refiling the case as the case was automatically dismissed on the 46th day. In re: Wilkinson, 346 B.R. 539, 545 (Bankr. D. Utah 2006); In re: Fawson, 338 B.R. 505, 515 (Bankr. D. Utah 2006).

6. The bankruptcy court has discretion to grant relief under Federal Rule of Civil Procedure 60(b) and Federal Rule of Bankruptcy Procedure 9024, but that relief is extraordinary and may only be granted in exceptional circumstances. In re: Busch, 369 B.R. 614, 623 (10th Cir. B.A.P. 2007, *citing* Servants of the Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000)); Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990). In

order to obtain relief from the Order, the debtors must establish grounds for relief under Fed. R. Civ. P. 60(b) and 9024, and further demonstrate a potentially meritorious defense. This dual showing is necessary in order to avoid "the useless exercise of vacating an undoubtedly correct judgment. White v. Cassey, 1994 U.S. App. LEXIS 19571 (10th Cir. 1994, *citing* Pelican Prod. Co. v. Marino, 893 F.2d 1143, 1147-1148 (10th Cir. 1990); Cessna Finance Corp. v. Bielenberg Masonry Contracting, 715 F.2d 1442, 1445 (10th Cir. 1983); In re: Stone, 588 F. 2d 1316, 1319 (10th Cir. 1978); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).

    7.    Here, the court's judgment was proper. (Docket No. 26.) Creditor represents that the debtor is post-petition delinquent, and was delinquent at the time of dismissal, and will not be able to overcome the basis for the automatic dismissal after the expiration of the 45 day statutory compliance period.  As to the post-petition payments owed, vacating the Court's judgment would serve no purpose because the court would ultimately either dismiss the case again prior to confirmation based on the debtor's failure to comply with his Plan, or grant relief from stay-- effectively removing the claim and treatment from the Chapter 13 case. In either event the lack of payments would render the case either unable to be confirmed, or frustrate the debtor's attempt to treat and cure the pre-petition claimed arrears of $23,459.54. Non-compliance under 11 U.S.C. § 521(a)(1) and (i)(1) aside, unless and until the debtor is post-petition current, there is no point in vacating the Dismissal Order.

## **CONCLUSION**

    Based on the foregoing, Creditor therefore requests the court deny the debtor's motion to

vacate the dismissal of his Chapter 13 case.

DATED: June 5, 2020.

                          LUNDBERG & ASSOCIATES, PC

                          By: /s/Mark S. Middlemas
                          Mark S. Middlemas
                          Attorney for Creditor

CERTIFICATE OF SERVICE – BY NOTICE OF ELECTRONIC FILING (CM/ECF)

I certify that on June 5, 2020 I electronically filed the foregoing Response, with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system:

        David L. Fisher
        Fisher Law Group, PLLC
        fisherlawllc@lawyer.com
        ECF
                Attorney for Debtor

        Lon Jenkins
        ecfmail@ch13ut.org
        ECF
                Chapter 13 Trustee

                          /s/Mark S. Middlemas
                          Mark S. Middlemas

## CERTIFCATE OF SERVICE – MAIL, OTHER

I certify that on June 5, 2020 I caused to be served a true and correct copy of the foregoing Response, as follows:

Mail Service – By regular first class United States mail, postage fully pre-paid addressed to:

>Thomas Allan McEwan
>4452 South Renardo Place
>West Valley City, UT 84119
>    Debtor

>/s/Mark S. Middlemas
>Mark S. Middlemas