Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
CENTRAL DIVISION**

| In re:<br><br>THOMAS ALLAN MCEWAN<br><br>Debtor. | Case No. 20-20054<br><br>Chapter 13<br><br>Hon. Joel T. Marker<br><br>*Hearing: July 22, 2020 @ 9:30 A.M.* |
|---|---|

**TRUSTEE'S RESPONSE TO DEBTOR'S MOTION TO VACATE DISMISSAL AND EXTEND 11 U.S.C. §521(i) DEADLINE**

Lon A. Jenkins, Chapter 13 Trustee, by and through counsel, hereby responds to the above-referenced Motion as follows:

**FACTS**

1. The case was filed on January 5, 2020.

2. On January 6, 2020, the bankruptcy court's clerk's office issued a Deficiency Notice alerting the Debtor to file a list of creditors, the statement of current monthly income (Form B122C), Declaration/Schedules, Attorney Compensation Disclosure Statement, Chapter 13 Plan, Summary of Assets and Liabilities, Statement of Financial Affairs and Schedules. The Debtor

was directed to file the required documents by January 21, 2020.

3. The 45th day is February 19, 2020. However, the deadline to cure the deficient filings as indicated on the Deficiency Notice is February 20, 2020.

4. The Debtor did not timely file a Motion to Enlarge Time under 11 U.S.C. § 521(i)(3) or (4).

5. Debtor filed the deficient documents with the bankruptcy court on February 21, 2020.

6. On March 25, 2020 the case was dismissed for failure to comply with 11 U.S.C. § 521(a)(1). *See* Order at Doc. No. 26.

7. On June 1, 2020 the Debtor filed a Motion to Vacate Dismissal due to excusable neglect pursuant to Fed. R. Bankr. P. 9006 and 9024. Debtor further requests an extension of 11 U.S.C. § 521(i) to February 21, 2020.

**ARGUMENT**

8. Pursuant to 11 U.S.C. § 521(i)(1), the case is automatically dismissed if the Debtor fails to file all information under § 521(a)(1) within 45 days of filing the petition. The deadline to cure the deficient filings, as indicated by the Deficiency Notice, was February 20, 2020. The Debtor did not timely file a request to enlarge time under 11 U.S.C. § 521(i)(3) or (4). Accordingly, it appears the case would have dismissed by operation of law on the 46th day pursuant to 11 U.S.C. § 521(i). The Court should deny the Debtor's request to enlarge time to cure the deficiency filed after the case had already been dismissed. As previously addressed by this Court in *Fawson*, "the belated requests for enlargement of time due to excusable neglect are time barred." *In re Fawson* 338 B.R. 505, 515 (Bankr. D. Utah 2006). The Trustee opposes the vacating of the dismissal when the case would be subject to immediate re-dismissal.

9. Additionally, the Debtor has not provided evidence that the delay meets the standards of excusable neglect. The Movant has the burden of proving excusable neglect by a preponderance of the evidence standard. *See In re Sukmungsa*, 333 B.R. 875, 879 (Bankr. D. Utah 2005). Excusable neglect is assessed by looking at: "[1] the danger of prejudice to the opposing party, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." In re Beal, No. AP 19-2043, 2020 WL 2027225, at *12 (Bankr. D. Utah Mar. 31, 2020). These factors are not given equal weight and "fault in the delay remains a very important factor—perhaps the most important single factor—in determining whether neglect is excusable." S*ee also United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004) (quoting *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)). The Trustee will address the factors that appear relevant to this case.

10. As to the first and second factors, Creditors have suffered prejudice as a result of Debtor's delay in filing the basic financial disclosures required in the bankruptcy schedules and statements. The Debtor failed to upload a creditor matrix and creditors did not receive notice of the 341 Meeting of Creditors or the Plan. Due to Debtor's inability to timely file the required documents, the Trustee was not able to conduct the 341 Meeting thereby delaying the confirmation process.

11. This case is further delayed as this case was originally dismissed on March 25, 2020. It is unclear why the Debtor chose to file a Motion to Vacate Dismissal approximately 68 days after the case was dismissed when the Debtor, by his own admission, could simply re-file.

12. As to the third factor, Counsel did not attempt to cure the deficiencies until on or

around 11:49 P.M. of the February 20, 2020 deadline according to Debtor's Exhibit "B". There is no indication that Counsel attempted to cure the deficiencies during normal court hours on February 20, 2020. Counsel did not timely file a Motion to Extend Deadline pursuant to 11 U.S.C. §521(i)(3) or (4). Instead, Counsel for the Debtor alleges that due to a PACER CM/ECF system downtime at or around 11:49 P.M. on February 20, 2020, the deficient documents could not be timely filed. Exhibit "B" of the Debtor's Motion shows that Counsel was unable to connect onto CM/ECF through the Best Case Software. Counsel for Debtor did not provide evidence that CM/ECF was not operational, only that he was unable to connect through his own bankruptcy software. Counsel for Debtor's unfamiliarity with the filing system should not be a basis for excusable neglect.

13. Should the Debtor's motion be granted, the Debtor must immediately cure the delinquent plan payments (approximately 5 payments of $520.00 totaling $2,600.00 + $482.56 (amount refunded to Debtor)) prior to the hearing on this matter. Also, it appears that the Debtor remains post-petition delinquent for the February 1, 2020 mortgage payment according to the response filed by Lakeview Loan Servicing, LLC. *See* Doc. No. 33. The Trustee opposes vacating dismissal unless the Debtor provides proof of the post-petition mortgage payments for <u>February 2020 through July 2020</u> prior to the hearing on this matter.

14. The Debtor did not provide copies of his 2018 and 2019 Federal and State Tax Returns. The Debtor is seeking extraordinary relief with the Motion.  The Debtor should provide the 2018 and 2019 tax returns and the 2019 Tax refund contribution prior to the hearing date.  If the Debtor is seeking relief then the Debtor should be in full compliance with all terms of the plan, including the tax return/refund contribution requirement.

15. The Trustee further opposes vacating dismissal unless the Debtor provides the following documents prior to the scheduled hearing on this matter:

    a.  Property Tax Assessment;

    b.  Current pay advices;

    c.  Evidence of Non-filing Spouse's Income; and

    d.  The Debtor should provide documentation of the marital adjustment on Line 13 of Form 122C-1, including balance due and evidence of payments made. The Debtor should also provide evidence that any debt deduction claimed as a marital adjustment has been amortized over the 60 month commitment period. In addition, the Debtor must establish these debts are "NOT regularly paid for the household expenses of you or your dependents."

16. Should the Debtor's motion be granted, the Trustee requests that the 341 Meeting of Creditors and the Confirmation hearing be rescheduled. The Order should reference that the deadlines to file objections to exemptions and dischargeability are extended 30 and 60 days from the rescheduled new 341 meeting. The case was dismissed prior to the deadline for filing proofs of claims. As creditors may not have been filing claims due to the dismissed posture of the case, the deadlines to file proofs of claims should be extended 70 days for non-governmental entities and 180 days for governmental entities from new 341 meeting.

WHEREFORE, the Trustee objects to entry of an Order granting the relief requested in the Motion.

DATED: July 10, 2020

                                            /s/ *Katherine T. Kang*
                                            Katherine T. Kang
                                            Attorney for Chapter 13 Trustee

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing paper was served on the following person on July 10, 2020.

DAVID L. FISHER
ECF Notification

                                           /s/    KTK
                                       Office of the Chapter 13 Trustee

6